■ EXEMPT FIREMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF YONKERS, Appellant, v. STATE OF NEW YORK, Respondent. · (Claim No.

42679-A.)— GIBSON, P. J. Appeal from a judgment of the Court of Claims which dismissed a claim for the amount alleged to be due claimant for the year 1962, pursuant to chapter 308 of the Laws of 1912, as amended by chapter 513 of the Laws of 1927, for the amount of "the percentage or tax on receipts of the foreign fire insurance companies doing business in the city of Yonkers, under the provisions of section one hundred and thirty-three [now §§ 553 and 554] of the insurance law". Sections 553 and 554 each impose an annual tax upon premiums of fire insurance written by foreign insurers upon property within the State during the preceding year ended December 31. The tax imposed by section 554, relating to mutual companies, is payable "on or before" the 15th day of February next succeeding and that imposed by section 553, covering all other foreign insurers, is payable "on or before" the 1st day of March next succeeding. By the special act (L. 1912, ch. 308), as amended, implemented by sections 553 and 554, as well as by subdivision 9 of section 122 of the Insurance Law, relating to premiums on fire insurance procured by excess line brokers, the taxes received are allocated locally and distributed to the local fire departments and firemen's associations specified. The claimant Exempt Firemen's Benevolent Association of the City of Yonkers was a long-time beneficiary but was superseded by Mutual Aid Association of the Paid Fire Department of the City of Yonkers pursuant to chapter 920 of the Laws of 1962, which amended the special act of 1912, as previously amended in 1927. The 1962 act merely substituted the name of the Aid Association for that of the Benevolent Association, and, by its terms, became effective January 1, 1963. According to the agreed statement of facts, certain foreign fire insurance companies on March 8, 1963 paid the allocable taxes due in 1963 for the year 1962, pursuant to section 553, to the Aid Association and on August 5, 1963, the Superintendent of Insurance paid to the Aid Association the remaining allocable taxes collected pursuant to section 553 and the taxes collected pursuant to sections 554 and 122. Claimant Benevolent Association asserts that it was "entitled to all the taxes paid * * * on earned premiums paid in the City of Yonkers from January 1, 1962 to December 31, 1962" and that the Aid Association was "entitled under Chapter 920 of the Laws of 1962 to only such tax monies earned on premiums paid after January 1, 1963, the date this law took effect". Claimant contends that by postponing until January 1, 1963 the effective date of the act, which became law on April 29, 1962, the Legislature indicated an intent "to reserve the right to * * * tax monies earned from January 1, 1962 to December 31, 1962, on earned premiums in the City of Yonkers during that year to be the property of the * * * Benevolent Association" (emphasis supplied); claimant accounting the periods until February 15, 1963 or March 1, 1963, within which the companies could make timely payment, as merely "grace periods". Appellant cites no authority in support of its contention; and we find no reason to go beyond the literal sense of the act itself in seeking its intendment. Chapter 920 provides, simply enough, that the Aid Association "shall be entitled to collect and there shall be paid to it" the tax on receipts "under the provisions of" sections 553 and 554, which require the insurers to pay on or before February 15 or March 1, as the case may be, the tax on premiums paid during the preceding calendar year. On each due date in 1963, the Aid Association was the entity entitled. In support of its contrary construction, claimant urges that taxes voluntarily paid in 1962, in advance, to it or to the Superintendent of Insurance, by the insurers, prior, of course, to the January 1, 1963 effective date, would certainly belong to it, but the agreed statement of facts does not reflect such an occurrence and that hypothetical situation does not mandate the construction urged or suggest that appellant would then be entitled to more than the amount of

**924**

any taxes actually paid in 1962, if that. Judgment affirmed, without costs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.